# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DENNIS HORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 09-3187-CV-S-JCE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the denial of his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

<u>Discussion</u>

Plaintiff was born on March 8, 1961, completed the 9th grade, and his most recent employment was pouring concrete.

It was plaintiff's testimony that he had bypass surgery; that he suffers from chest pains; sleep apnea; high blood pressure, and diabetes. He also has a history of chronic pulmonary disease.

Plaintiff testified that his daily activities vary with the degree of pain and exhaustion from lack of sleep. He does have a three-year-old grandchild for whom he is the caregiver during the day.

It was the finding of the ALJ that:

1. The claimant has not engaged in substantial gainful activity since July 10, 2006, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: coronary artery disease with a history of trip coronary artery bypass grafts; hypertension; chronic obstructive pulmonary disease (COPD); sleep apnea, and obesity (20 CFR 416.921 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that: he can sit a total of six to eight hours in a 8-hour workday; he can lift and/or carry five pounds frequently and 10 pounds occasionally; he should avoid climbing and/or exposure to significant unprotected heights; he should avoid potentially dangerous, unguarded moving machinery; he should do no commercial driving; he should avoid exposure to uneven surfaces; he should avoid exposure to extreme vibration; he should work in areas with climate control and that are reasonably free of environmental irritants; he should have access to inhalers, as necessary, but not move from his workstation; he is limited to simple repetitive (1,2,3 steps) type job instructions; he should have no customer service duties, however public proximity is acceptable; and he is limited to instructions with simple, rote words with check marks or signature.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on March 8, 1961 and was 45 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 10, 2006, the date the application was filed (20 CFR 416.920(g)).

Plaintiff asserts that the ALJ erred for failing to find that his impairments met or equaled the severity of listed impairment 4.04 (C)(1)(d) and (C)(2). He asserts that the ALJ ignored his right coronary artery blockages. However, the ALJ noted that those blockages were bypassed and that the medical record supports a finding that the surgery was successful and those arteries are no longer relied upon for blood supply to the heart. The ALJ also considered the findings of plaintiff's physicians with regard to the level, severity and cause of chest pains subsequent to the surgery. He noted that plaintiff was instructed to increase, not decrease, his level of activity. There is no diagnosis which reflects the level of impairment alleged by plaintiff. Plaintiff argues that a medical expert should have been consulted, and this matter should either be reversed or remanded for failure to do so. However, because of the extensive medical record before the ALJ, that request is without merit.

Plaintiff also argues that not all of his medical records were properly evaluated. The Appeals Council's decision states that new evidence was reviewed. The Court notes that much of the evidence to which plaintiff refers is cumulative and some is not relevant.

While there is a diagnosis of diabetes in 2007, the records reflect it was treated with medication with good results when plaintiff was diet and medication compliant. After a diagnosis of depression in 2007, the physician noted that he believed "medicine probably will benefit this man somewhat, but I believe becoming more physically active, losing some weight, returning to fishing, returning to some gainful employment, even if it is not physical labor, will do him more good than all medicine in the world." The ALJ was familiar with the sleep apnea diagnosis and the recommendation, which included CPAP and weight loss.

Finally, plaintiff argues that the agency had an obligation to investigate plaintiff's alleged unreported earnings in this case. Plaintiff argues that he had advised the agency by stating on a work history report that he was paid in cash and had only a few check stubs. As noted by defendant, plaintiff is not pursuing benefits under Title II of the Social Security Act, therefore the issue of additional quarters of coverage is not relevant. Plaintiff argues that the unreported earnings were a factor in the credibility determination. However, the record as a whole establishes that the credibility determination could easily have been made without reference to unreported earnings.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that plaintiff

was not disabled and could perform sedentary work, as defined in Finding No. 4 [Tr. at page 18].

Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

        /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: July 20, 2010